O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2852 PSG (FFMx) | Date | October 22, 2008 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**    **(In Chambers) ORDER DENYING PLAINTIFFS' APPLICATION FOR A TRO (DOCUMENT#171) and PLAINTIFFS'** *EX PARTE* **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOCUMENT #169)**

Pending before this Court are Plaintiffs' Application for a TRO and Plaintiffs' *ex parte* Motion for Leave to File a Second Amended Complaint. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES both motions.

I.    Background

Plaintiff Scientific Weight Loss, LLC ("SWL") is a franchisee with an allegedly exclusive license to use all trademarks, trade names, and service marks ("the Marks") in connection with selling "Smart for Life" meal replacement food products in California. Plaintiffs Larry Brahim, Anthony Podell, and Irving Posalski are managing members in SWL. Defendant U.S. Medical Care Holdings, LLC ("USMCH") owns the registered trademark "Smart for Life" and sells Weight Loss Center franchises. The Smart for Life Medical Program consists of a medically-supervised diet based upon specially prepared foods, including cookies, that are eaten in place of regular meals.[1] Defendants Lavi Enterprises, LLC, Doctors Nutrition, LLC, Doctors Scientific Organica, LLC, Oyster Management Services Ltd., Sasson E. Moulavi, and Richard Kayne are related entities and individuals who are allegedly sponsoring the unfairly

---

[1] The Medical Program requires medical supervision because it restricts caloric intake to approximately 800 calories a day, which carries health risks.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | October 22, 2008 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

competing Smart for Life "Direct Response" program.

Effective February 10, 2006, Plaintiff SWL entered into an Area Representative Agreement (the "ARA") with Defendant USMCH.[2] Pursuant to the ARA, SWL was to act as the Smart for Life franchise representative and to solicit, market, and sell Smart for Life franchise rights throughout California. SWL was also allowed to own one or more Smart for Life Weight Loss Center franchises in Southern California, but each franchise required a separate agreement between USMCH and the entity or individual that actually owned the franchise. Under the ARA, USMCH was bound not to "sell or offer to sell Proprietary Products through websites or other distribution channels . . . in the Territory without [SWL's] consent."

In 2007, Moulavi developed a 1200 calories-a-day diet program that did not require medical supervision ("the Non-Medical Diet"). The Non-Medical Diet was also based on appetite-suppressing cookies (the "Non-Medical Cookies"), which did not need to be sold exclusively through the Smart for Life Weight Loss Centers. Defendants began marketing the Non-Medical Cookies through the so-called "Direct Response" program. According to Plaintiffs, Defendants began shipping Non-Medical Cookies into California in September 2008.

On May 1, 2008, Plaintiffs filed suit against Defendants, alleging twelve causes of action, including unfair competition, fraud, and breach of contract. Plaintiffs also filed a motion for a preliminary injunction to prevent Defendants from using the Smart for Life Marks in connection with the sale of Non-Medical Cookies in California. Plaintiffs twice stipulated to continue their motion for a preliminary injunction. On September 22, 2008, Plaintiffs filed an application for a Temporary Restraining Order ("TRO") to enjoin Defendants from using the Smart for Life Marks in connection with advertising and selling the Non-Medical Cookies in California. On September 25, 2008, the Court declined to grant a TRO, finding that Plaintiffs had failed to establish a probability of success on the merits and that Plaintiffs had not shown that they would suffer irreparable injury absent a TRO. (*See* Order issued September 25, 2008.) On October 6, the Court denied Plaintiffs' motion for a preliminary injunction, based on similar reasoning. (*See* Order issued October 6, 2008.)

On September 25, 2008, USMCH notified this Court that it had filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. Accordingly, an

---

[2] According to Defendants, the individual Plaintiffs are members of SWL but are not parties to the ARA or to any Smart for Life franchise agreement.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2852 PSG (FFMx) | Date | October 22, 2008 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

automatic stay is in effect in this case, pursuant to 11 U.S.C. § 362(a), as to Defendant USMCH only. Therefore, the case is currently proceeding as to only Lavi Enterprises, Doctors Nutrition, Doctors Scientific Organica, Oyster Management Services, Moulavi, and Kayne ("the non-bankruptcy Defendants").

On October 16, 2008, Plaintiffs filed an ex parte motion to amend their complaint to add six so-called "JV Plaintiffs," who are various joint venture entities that purchased Smart for Life franchises from SWL or entered directly into Franchise Agreements with USMCH. Plaintiffs concurrently filed an application for a TRO to prevent Defendants from terminating the JV Plaintiffs' Franchise Agreements and to enjoin Defendants from shipping Non-Medical Cookies into California.

II.     Legal Standard

    *A.     Leave to Amend Complaint*

After a party has amended its pleading once as a matter of course, it may amend only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Grant or denial of leave to amend is within the district court's discretion. *Swanson v. U. S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given "when justice so requires."

    *B.     Temporary Restraining Order*

In the Ninth Circuit, "a court may issue a preliminary injunction if it determines: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and, depending on the nature of the case, (4) the public interest favors granting relief." *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993) (citation omitted). The Ninth Circuit "has also adopted an 'alternative standard' under which the moving party may meet its burden by demonstrating *either*: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. . . . The alternative standards are not separate tests but the outer reaches of a single continuum. . . . Essentially, the trial court must balance the equities in the exercise of its discretion." *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2852 PSG (FFMx) | Date | October 22, 2008 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

III.  Discussion

    A.  *Leave to File Second Amended Complaint*

Under Bankruptcy Code § 362(a)(1), a stay against the commencement or continuation of judicial proceedings against the debtor goes into effect automatically at the time a bankruptcy petition is filed. *In re Willard*, 15 B.R. 898, 900 (B.A.P. 9th Cir. 1981); *In re Sansone*, 99 B.R. 981, 984 (Bankr. C.D. Cal. 1989). Such a stay is in effect here as to USMCH. In spite of their knowledge of USMCH's pending bankruptcy case, Plaintiffs seek leave to file a Second Amended Complaint to add six new plaintiffs asserting claims against USMCH. Plaintiffs have plainly violated the automatic stay imposed by the Bankruptcy Code.[3] *In re Sansone*, 99 B.R. at 984; *In re Randy Homes Corp.*, 84 B.R. 799, 801 (Bankr. M.D. Fla. 1988); *In re Houchens*, 85 B.R. 152, 154 (Bankr. N.D. Fla. 1988). Judicial proceedings in violation of an automatic stay are void. *See In re Schwartz*, 954 F.2d 569, 571-72 (1992). Accordingly, Plaintiffs' ex parte application for leave to file the Second Amended Complaint is DENIED.

    B.  *TRO*

The Court previously denied Plaintiffs' application for a TRO, finding (1) that Plaintiffs could not, as a matter of law, succeed on their Lanham Act claim and (2) that Plaintiffs' delay in seeking injunctive relief belied their claim that they would suffer immediate irreparable injury absent a TRO. Now, Plaintiffs seek a TRO based on a contract theory. Plaintiffs ask the Court to enjoin Defendants from shipping Non-Medical Cookies into California.[4] Plaintiffs contend

---

    [3] A party who willfully violates an automatic stay is subject to sanctions pursuant to § 362(h) of the Bankruptcy Code. Section 362(h) provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages." Here, Plaintiffs stated in their TRO application, which was filed concurrently with the ex parte application for leave to file a Second Amended Complaint, that they "recognize the automatic bankruptcy stay is in effect as to UMSCH." (TRO App. 2 n.2.) Therefore, the Court finds that Plaintiffs' violation of the automatic stay was willful. *See In re Sansone*, 99 B.R. at 984.

    [4] Plaintiffs also ask the Court to prevent Defendants from terminating the putative JV Plaintiffs' Franchise Agreements. However, as the Plaintiffs may not file an amended complaint

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2852 PSG (FFMx) | Date | October 22, 2008 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

that the ARA, the Franchise Agreements, and the December 31, 2005 Uniform Franchise Offering Circular ("UFOC") give Plaintiffs the exclusive right to sell Smart for Life Products in California. They maintain that Defendants breached one or more of these contracts by commencing shipment of Non-Medical Cookies into their exclusive territory.

The non-bankruptcy Defendants, however, are not parties to the ARA or the Franchise Agreements. (Moulavi Decl. ¶¶ 12-18; Carson Decl. Exs. A & B.) Plaintiffs have not shown that the UFOC is an enforceable contract (and even if it were, the non-bankruptcy Defendants are not party to it). The only Defendant who is a party to the ARA and the Franchise Agreements is USMCH. Plaintiffs acknowledge, however, that they may not seek injunctive relief against USMCH due to the bankruptcy stay. (TRO App. 2 n.2.) Plaintiffs have apparently attempted to get around the stay by lumping the Defendants together in their arguments. They also maintain that Moulavi owns and controls each of the non-bankruptcy Defendants and uses a single address for most of them. However, this does not change the basic fact that the non-bankruptcy Defendants are not parties to the underlying contracts which allegedly give Plaintiffs the exclusive right to sell Smart for Life Cookies in California. Therefore, Plaintiffs may not rely on a breach of contract theory to obtain a TRO against the non-bankruptcy Defendants. Furthermore, the fact that Plaintiffs delayed in seeking injunctive relief for nearly a month since learning Defendants would commence shipping Non-Medical Cookies into California has not changed since the Court denied Plaintiffs' previous application for a TRO. Accordingly, Plaintiffs still have not shown that they face immediate irreparable injury absent a TRO.

Plaintiffs have now filed three applications for injunctive relief where there was no possibility of success on the underlying merits. Attorneys are duty-bound to conduct a reasonable inquiry into the legal and factual underpinnings of a claim before filing a motion. Fed. R. Civ. P. 11(b). Rule 11 "discourages wasteful, costly litigation battles by mandating the imposition of sanctions" when the Rule is violated. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). The Ninth Circuit has instructed that sanctions should be imposed when a filing is "frivolous," meaning that it is "baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

Given that Plaintiffs' counsel could have simply consulted their first-year law school

---

adding new plaintiffs asserting claims against USMCH, this request must be denied.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2852 PSG (FFMx) | Date | October 22, 2008 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

textbooks to be reminded of the basic principles of contract law applicable here, the Court finds that Plaintiffs' most recent application for a TRO was legally frivolous. Furthermore, the Court finds that a competent attorney, after conducting an objectively reasonable inquiry, would have realized that Plaintiffs' two previous Lanham Act-based applications for injunctive relief were "not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law." Fed. R. Civ. P. 11(b)(2); *see also G.C. & K.B. Invs., Inc. v. Wilson*, 326 F. 3d 1096, 1109 (9th Cir. 2003). Plaintiffs acknowledge that the Court previously warned them—twice—that their groundless applications for injunctive relief violated Rule 11. However, Plaintiffs apparently believe that they cannot be faulted for their motion for a preliminary injunction, which prompted the Court's second Rule 11 warning; Plaintiffs state that the Court "failed to recognize" that the motion for a preliminary injunction was filed *before* their TRO application, although it was ruled on *after*. This is of no matter; once Plaintiffs read the Court's order denying the TRO and realized that their motion for injunctive relief lacked a proper legal basis, they could have withdrawn the preliminary injunction motion. The Court also notes that Plaintiffs' motions have been padded with wholly irrelevant facts and arguments and accompanied by voluminous documents, thereby compounding the waste of the Court's valuable time and resources. Plaintiffs' counsel are hereby ordered to show cause why they should not be sanctioned **$1,000.00** for filing of multiple frivolous motions.[5]

IV. Conclusion

For the foregoing reasons, Plaintiffs' motions are DENIED. Counsel are ordered to submit their response to the order to show cause regarding sanctions within ten days.

**IT IS SO ORDERED.**

---

[5] Plaintiffs' present *ex parte* motion is also improper, given the Court's Standing Order and the automatic stay in effect as to Defendant USMCH. The Court's Standing Order clearly states that ex parte applications are solely for *extraordinary* relief and should be used with discretion. (*See* Standing Order.) The Court finds Plaintiffs' counsel to be utterly lacking in such discretion. This pattern of groundless "emergency" filings suggests an improper purpose.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | October 22, 2008 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

AB for WH