O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#202

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order Granting Defendants' Motion for Declaration of Prevailing Party and Award of Attorneys' Fees

Before the Court is Defendants' motion for an order declaring them to be the "prevailing party" and awarding them attorneys' fees. After considering the moving and opposing papers, as well as oral argument at the July 13, 2009 hearing, the Court GRANTS the motion.

I.  Background

On May 1, 2008, Plaintiff Scientific Weight Loss, LLC ("SWL") and managing members Larry Brahim, Anthony Podell, and Irving Posalski filed suit against U.S. Medical Care Holdings, LLC ("USMCH"). Plaintiffs, franchisees of the "Smart for Life" weight loss program, claimed that USMCH, the franchisor, had violated Plaintiffs' rights under their Area Representative Agreement ("ARA"). The complaint also sought relief against Lavi Enterprises, LLC ("Lavi"), Doctors Nutrition, LLC ("Doctors"), Doctors Scientific Organica, LLC ("DSO"), Oyster Management Services Ltd. ("OMS"), Sasson E. Moulavi, and Richard Kayne, who allegedly sponsored USMCH's unfairly competing weight loss program.

On September 25, 2008, USMCH commenced Chapter 11 bankruptcy proceedings in the Southern District of Florida. Accordingly, the instant action was automatically stayed as to USMCH. However, litigation against the remaining Defendants (the "non-bankruptcy Defendants" or simply "Defendants") continued. In close succession, Plaintiffs filed three applications for injunctive relief, each of which this Court denied. Plaintiffs also filed an *ex parte* motion for leave to file a second amended complaint, which the Court denied due to the bankruptcy stay. Ultimately, Plaintiffs' former counsel was sanctioned for failure to comply

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#202**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

with Rule 11 based on these filings.

On December 17, 2008, Plaintiffs voluntarily dismissed this action. The non-bankruptcy Defendants now move for an order declaring them to be the prevailing party and awarding them attorneys' fees.

II.     Legal Standard

Under the so-called "American Rule," each party in a lawsuit is ordinarily responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Courts may, however, award attorneys' fees when a party has sued under a contract that includes a valid agreement for a fee award to the prevailing party. *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1199 (5th Cir. 1990); *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 924 (7th Cir. 1997). An award of fees may also be made pursuant to a statute or rule providing for the shifting of fees to the losing party. *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979).

III.    Discussion

    A.     Contract-Based Award

First, Defendants argue that the ARA entitles them to an award of attorneys' fees and costs. Section 24(k) provides:

> **Costs and Attorneys' Fees:** The party prevailing in any judicial proceeding between you and us (and either party's affiliates), will be entitled to reimbursement of its costs and expenses, including reasonable accounting and attorneys' fees.

*Carlson Decl.*, Ex. A (submitted with Plaintiffs' motion for preliminary injunction, Docket No. 177). The non-bankruptcy Defendants concede that they are not parties to the ARA, which was executed by SWL and USMCH, but contend that this provision nonetheless entitles them to recover their attorneys' fees because they are "affiliates" of USMCH. Plaintiffs dispute that Defendants are "affiliates" of USMCH within the meaning of the contract. Moreover, Plaintiffs argue, Defendants are not third-party beneficiaries of the ARA and therefore may not enforce section 24(k) or any other provision thereof.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#202**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

The ARA defines an "affiliate" as "any *company* that, directly or indirectly, owns or controls, is owned or controlled by or under common control with another person." *Id.* at 24(l) (emphasis added). Therefore, Sasson E. Moulavi and Richard Kayne cannot be affiliates of USMCH because they are individuals, not companies. The remaining non-bankruptcy Defendants—Lavi, Doctors, DSO, and OMS—are affiliates of USMCH within the meaning of the ARA; they and USMCH are under common control and/or ownership. *See Moulavi Decl.* ¶¶ 3, 17-21.

The next question before the Court, then, is whether these four non-bankruptcy Defendants may enforce the attorneys' fees provision of the ARA. As an initial matter, the parties dispute whether Florida or California law controls this inquiry. Defendants point to section 24(n) of the ARA, which states: "[T]his Agreement and our relationship with you are governed by Florida law." *Carlson Decl.*, Ex. A. Plaintiffs, on the other hand, insist that the contractual choice-of-law provision is inapplicable here because Defendants were not party to the ARA. Therefore, Plaintiffs maintain, the Court should apply California law.

The Court need not resolve this dispute because the result is the same under either California or Florida law. *See Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997) (stating that if the laws of two jurisdictions would produce the same result on the particular issue presented, the Court should avoid the choice-of-law question). As non-signatories to the ARA, Defendants may seek attorneys' fees under section 24(k) only if they are third-party beneficiaries of the contract. *See Sessions Payroll Mgmt., Inc. v. Noble Constr. Co., Inc.*, 84 Cal. App. 4th 671, 101 Cal. Rptr. 2d 127 (2000); *Germann v. Age Inst. of Fla., Inc.*, 912 So.2d 590, 592 (Fla. Dist. Ct. App. 2005). Under both California and Florida law, a third party may enforce a contract only when the contracting parties intended that he or she be benefitted by the contract and that intent is reflected on the face of the agreement. Cal. Civ. Code § 1559; *Sessions*, 84 Cal. App. 4th at 680; *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524, 528, 117 Cal. Rptr. 2d 220 (2002); *Germann*, 912 So.2d at 592; *M-I LLC v. Utility Directional Drilling, Inc.*, 872 So.2d 403, 404 (Fla. Dist. Ct. App. 2004). The fact that the contract provides some benefit to a nonparty is insufficient to entitle him to demand enforcement. *Hess*, 27 Cal. 4th at 524; *Germann*, 912 So.2d at 592. Rather, the agreement must clearly reflect the signatories' intent to primarily or directly benefit the putative third-party beneficiary. *Germann*, 912 So.2d at 592. As the parties claiming to be third-party beneficiaries, Defendants bear the burden of proving that SWL and USMCH actually promised them the benefit which they seek. *Sessions*, 84 Cal. App. 4th at 680.

Defendants conclusorily state that they are intended third-party beneficiaries under the ARA. However, there is nothing in the ARA that suggests that USMCH or SWL entered into

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#202

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

the contract with the intent to primarily or directly benefit the non-bankruptcy Defendants. If the Court were to accept Defendants' interpretation of the ARA, any of SWL's or USMCH's unnamed affiliates would be entitled to attorneys' fees if they prevailed on *any* judicial proceeding arising out of the ARA. There is no evidence that the contracting parties intended this result. Defendants have failed to carry their burden to show that the ARA was clearly executed with the intent to benefit them. Accordingly, Defendants' request for attorneys' fees under the ARA is DENIED.

     B.    <u>Award Under the Lanham Act</u>

15 U.S.C. § 1117(a) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

        *(i)*    *Are Defendants the Prevailing Party?*

First, the Court must determine whether Defendants are the "prevailing party" under federal law for the purpose of fee-shifting. The Supreme Court established in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), that to qualify as a prevailing party, a litigant must achieve a "judicially sanctioned change in the legal relationship of the parties." *Id*. at 605. The Ninth Circuit has apparently never decided whether a voluntary dismissal without prejudice confers prevailing party status on a defendant. However, it has held that a voluntary dismissal *with* prejudice is sufficient to render a defendant the prevailing party. *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997), *abrogated on other grounds by Ass'n of Mexican-American Educators v. California*, 231 F.3d 572 (9th Cir. 2000) ("[B]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case is clearly the prevailing party on the dismissed claims.") (internal punctuation and citation omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) (plaintiffs that voluntarily dismissed claims with prejudice were "losing parties" under Hawaiian law).

In the absence of binding precedent, the Court looks to other district courts for guidance. In *International Marble & Granite of Colorado, Inc. v. Congress Financial Corp*., 465 F. Supp. 2d 993 (C.D. Cal. 2006), the defendant moved for an award of attorneys' fees and costs after the plaintiff voluntarily dismissed the action without prejudice after the court dismissed the complaint with leave to amend. *Id*. at 998. The court deemed it equitable to declare the defendant the prevailing party and to award fees, noting that the complaint was "woefully inadequate" and raised the specter of Rule 11 sanctions. *Id*. at 999-1000. The Court further

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#202

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

reasoned that although the plaintiff dismissed the suit prior to a determination on the merits, the defendant had already been forced to "expend considerable resources on its motion to dismiss and on discovery." *Id.* at 1000.

Another case is even more on-point. In *Lorillard Tobacco Co. v. Engida*, 556 F. Supp. 2d 1209 (D. Colo. 2008), the court determined that a defendant who successfully defended against multiple preliminary injunction appeals was the "prevailing party," even though the plaintiff voluntarily dismissed the case under Rule 41. In light of the defendant's success on appeal, the court held, "it cannot be gainsaid that he has been awarded some relief by the court." *Id.* at 1215. "The judicial nature of the relief granted is particularly apparent in light of the fact that Plaintiff is now estopped from pursuing an injunction again should it refile this case after its voluntary dismissal." *Id.* Also, as in *International Marble,* the court found that the "considerable" expense that the defendant incurred was a factor supporting an award of fees.

In the instant case, Plaintiffs voluntarily dismissed their suit, but not before filing two applications for a TRO and a motion for a preliminary injunction, all of which the Court denied. The Court finds that Defendants' successful defense against Plaintiffs' multiple frivolous applications for "emergency" relief is sufficient to confer upon them "prevailing party" status for the purpose of a fee award under the Lanham Act. Plaintiffs may well be collaterally estopped from seeking the same injunctive relief in a subsequent lawsuit; thus, it may be fairly said that Defendants have attained some relief from the Court, even though the Court never reached the merits of Plaintiffs' claims. *See Lorillard*, 556 F. Supp. 2d at 1215. Notably, Plaintiffs do not contest that Defendants have achieved a "judicially sanctioned change in the legal relationship of the parties." *See Buckhannon*, 532 U.S. at 605. And in addition to wasting the Court's limited resources, Plaintiffs forced their adversaries to incur significant fees in defending against three similar motions for temporary injunctive relief—motions which, as the Court observed, were "padded with wholly irrelevant facts and arguments and accompanied by voluminous documents." Order of October 22, 2008 (Docket No. 197); *see Lorillard*, 556 F. Supp. 2d at 1215; *Int'l Marble*, 465 F. Supp. 2d at 1000. For the foregoing reasons, the Court deems it equitable to declare Defendants the prevailing party under the Lanham Act.

(ii) *Is This an "Exceptional" Case?*

The Court may only award fees under the Lanham Act if it determines that this is an "exceptional case." *See* 15 U.S.C. § 1117(a). In the Ninth Circuit, this standard is met if the plaintiff's case was "groundless, unreasonable, vexatious, or pursued in bad faith." *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000). These requirements are *disjunctive*; i.e., the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#202

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

prevailing party need not necessarily show, as Plaintiffs contend, that its adversary acted with an "improper purpose" or in "bad faith." *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002).

The Court finds that the instant case is an "exceptional" one. Plaintiffs greatly multiplied the burden of defending this lawsuit by repeatedly filing "emergency" motions, all of which were rejected as baseless. Indeed, the Court warned and ultimately sanctioned Plaintiffs' previous counsel under Fed. R. Civ. P. 11 for filing three applications for injunctive relief where there was no possibility of success on the merits. Plaintiffs contend that this case is not "exceptional" because the Court never made a determination, on the merits, that their Lanham Act claims were "groundless, unreasonable, or pursued in bad faith." However, the award Defendants seek apparently comprises the fees incurred in opposing the applications for injunctive relief. *See Lorillard*, 556 F. Supp. 2d at 1215 ("The fact that Plaintiff may have had a meritorious counterfeiting claim is irrelevant to this motion as Defendant seeks only to be awarded the attorney fees incurred in defending the numerous appeals related to the preliminary injunction."). The Court *has* determined that Plaintiffs' application for a TRO and separate motion for a preliminary injunction based on their Lanham Act claims were frivolous; the Court's decision to sanction Plaintiffs' previous counsel under Rule 11 rested, in part, on those filings. *See* Orders of October 22, 2008 and November 10, 2008. Indeed, the Court previously opined that Plaintiffs' litigation tactics suggested an "improper purpose." Order of October 22, 2008, at 6 n.5. Because Plaintiffs acted unreasonably in pursuing multiple groundless requests for injunctive relief in close succession, the Court finds it appropriate to award Defendants attorneys' fees in this instance.

        *(iii)*    Apportionment

The Court's inquiry does not end here. "[A] prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims." *Gracie*, 217 F.3d at 1069. The court *must* attempt to apportion the fee award "unless [it] finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless." *Id*. at 1070.

Here, Defendants maintain that they are entitled to the full costs of defending this litigation because Plaintiffs' contract and Lanham Act claims "were simply minor variations on a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#202

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

single theme."[1]  Under Ninth Circuit precedent, however, the Court is required to make an attempt to apportion the fee award to reflect the work done on Lanham Act and non-Lanham Act claims in spite of the "impossibility of making an exact apportionment."  *Gracie*, 217 F.3d at 1070.  Here, although there is a great deal of factual overlap between the contract and Lanham Act claims, a reasonable apportionment is possible.  Plaintiffs' first two applications for injunctive relief were based on their Lanham Act claims, while their third motion was based on a contract theory.  *See* Order of October 22, 2008 at 6.  Accordingly, the Court will not award fees for the work done in defending the third and final TRO application.  While this approximation is not perfect, the estimated adjustment is not "meaningless."  *See Gracie*, 217 F.3d at 1070.

Finally, under the circumstances of this case, a further reduction of the fee award sought by Defendants may be necessary.  Defendants admit that USMCH provided their defense prior to filing for bankruptcy on September 25, 2008.  They claim that they are only seeking to recover the fees they have incurred since the bankruptcy filing.  *See* Mot. at 2 n.4.  However, the first motion for injunctive relief was fully briefed prior to the bankruptcy filing and no hearing on the matter was held.  Thus, it is difficult to see how Defendants (as opposed to USMCH) incurred any fees in opposing that motion.  Similarly, Defendants' opposition to Plaintiffs' first TRO application was filed on September 25, 2008—the same day that USMCH filed for bankruptcy.  Assuming that Defendants' opposing brief was prepared in the week(s) preceding the bankruptcy filing, USMCH may still have been providing for the defense at that time.  Defendants estimate that they have expended approximately $100,000 on this litigation since the bankruptcy filing, but they have given no indication of what tasks are encompassed by that sum.  Therefore, the Court conditionally grants the motion for an award of attorneys' fees, pending submission of adequate evidence that (1) non-bankruptcy Defendants have expended their own funds in defending against Plaintiffs' Lanham Act-based applications for injunctive relief and (2) that those fees are reasonable.[2]

---

[1]  Defendants' reply memorandum is 20 pages long, in violation of the Court's Standing Order, which limits replies to 12 pages.  *Standing Order* ¶ 5(c).  Accordingly, the Court did not consider the last eight pages, which dealt, in part, with apportionment.

[2]  Defendants also ask that the Court order Plaintiffs to reimburse them in the event that the Bankruptcy Court requires them to reimburse USMCH for their defense.  *See* Mot. at 2 n.4, 23.  However, this request is not ripe for adjudication and, moreover, would be more appropriately addressed by the Bankruptcy Court.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#202**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2852 PSG (FFMx) | Date | July 15, 2009 |
|---|---|---|---|
| Title | Scientific Weight Loss, LLC, et al. v. U.S. Medical Care Holdings, LLC, et al. | | |

IV.     Conclusion

      For the foregoing reasons, the Court GRANTS the motion for attorneys' fees, pending submission of the additional briefing and evidence as described above.  Defendants shall submit their opening brief by July 27, 2009.  Plaintiffs's opposition is due by August 3, 2009.  Defendants may file a reply brief no later than August 10, 2009.  The hearing is set for August 17, 2009.

      **IT IS SO ORDERED.**